IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO RAMIREZ,

       Petitioner,

vs.                                 2:21-cv-00081-RB-JMR

DWAYNE SANTISTEVAN,
WARDEN, and ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO

       Respondents.

## <u>PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

THIS MATTER comes before the Court on Alejandro Ramirez's Petition Under 28

U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. Respondents[1] filed an answer, as ordered by

the Court. Docs. 4, 9. Mr. Ramirez filed a reply. Doc. 15. Senior District Judge Robert C. Brack

referred the case to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if

warranted, and to perform any legal analysis required to recommend to the Court an ultimate

disposition of this case. Doc. 17. Having reviewed the submissions of the parties and the relevant

law, I recommend that the Court deny Mr. Ramirez's petition without prejudice as to Ground

Seven and with prejudice as to all other grounds for relief.

## I.    Background Facts and Procedural Posture

On April 17, 2015, a jury found Mr. Alejandro Ramirez guilty of eight counts: first

degree murder (willful and deliberate), second degree conspiracy to commit first degree murder

---

[1] On April 6, 2023, the defense counsel filed a notice stating that her appearance and all her filings were made on behalf of both Dwayne Santistevan and the New Mexico Attorney General. Doc. 20. The Court recognizes this entry of appearance *nunc pro tunc* to July 21, 2022 and construes all filings, including the answer, as made on behalf of both Respondents.

(willful and deliberate), second degree shooting at or from a motor vehicle, three counts of third degree abuse of a child, third degree tampering with evidence, and fourth degree aggravated assault with a deadly weapon. Doc. 9-1 at 112–13 (Exh. GG). All eight counts stem from one event: the fatal shooting on Johnny Vialpando, Jr. on April 27, 2013. Doc. 9-1 at 4–5 (Exh. B).

Mr. Ramirez was sentenced to a total term of life imprisonment plus 65 and a half years. Doc. 9-1 at 117 (Exh. GG). After a partially successful state habeas corpus petition, Mr. Ramirez was resentenced to a total term of life imprisonment plus 52 and a half years. Doc. 9-1 at 283 (Exh. OO).

**A.  State District Court**

On March 23, 2015, in advance of trial, Mr. Ramirez's counsel filed a Motion to Suppress All Out-of-Court and In-Court Identifications of Alejandro Ramirez. Doc. 9-1 at 23–31 (Exh. I). He argued that because there was no out-of-court identification process, an in-court identification over two years after the shooting was inherently so unreliable that it should be inadmissible at trial. Doc. 9-1 at 23–31 (Exh. I). The trial court denied the motion. Doc. 9-1 at 38–40 (Exh. L). The trial court held that the identifications were not substantially more prejudicial than probative and there was not a legal basis for suppressing the in-court identifications. *Id.*

On March 20, 2015, in advance of trial, the State filed a Motion to Allow Hearsay Statements Made by Decedent. Doc. 9-1 at 16–17 (Exh. F). Immediately before the shooting, the decedent identified the perpetrator as "Little Alex,"[2]—an alleged nickname for the defendant. *Id.*

---

[2] The original motion uses "Lil' Alex." Doc. 9-1 at 16 (Exh. F). But both parties and most of the record uses "Little Alex." *See, e.g.*, Doc. 1 at 13; Doc. 9 at 2.

at 17. The defendant opposed the motion. Doc. 9-1 at 34–35 (Exh. J). The trial court granted it.

Doc. 9-1 at 41–42 (Exh. M). The trial court reasoned that the statement was not testimonial, and

therefore, it did not implicate Mr. Ramirez's Confrontation Clause rights. *Id.* at 41. It further held

that the statement identifying the assailant was a present sense impression, an exception to the

rule against hearsay under N.M. R. Evid. 11-803(1). *Id.* at 42

At trial, Mr. Ramirez's counsel objected to the admission of a fingerprint card based on

lack of scientific foundation. Doc. 9-1 at 127 (Exh. II). The trial court overruled. *Id.*

Also at trial, Mr. Ramirez's counsel moved for a directed verdict arguing that insufficient

evidence was presented to prove beyond a reasonable doubt the essential elements of the charged

offenses. *Id.* The trial court denied the motion. *Id.*

The jury found Mr. Ramirez guilty on all eight counts. Doc.  9-1 at 43–82 (Exh. O–Z).

**B.  Direct Appeal**

Mr. Ramirez, with counsel, filed a timely direct appeal. Doc. 9-1 at 119 (Exh. HH). The

appeal was transferred to the New Mexico Supreme Court.[3] *Id.* In relevant part, Mr. Ramirez

argued that: (1) there was insufficient evidence to support his convictions, (2) the trial court erred

by denying his Motion to Suppress All Out-of-Court and In-Court Identifications of Alejandro

Ramirez, and (3) being convicted of both shooting from or at a motor vehicle and first degree

murder violated the Double Jeopardy Clause of the U.S. Constitution. Doc. 9-1 at 157–87

(Exh. JJ).

---

[3] Appeals from state district court cases imposing a sentence of life imprisonment are taken directly to the New Mexico Supreme Court. N.M. R. App. P. 12-102(A)(1).

The New Mexico Supreme Court denied relief on the first two grounds. Doc. 9-1 at 237–75 (Exh. MM). Regarding the sufficiency of evidence ground, the New Mexico Supreme Court decided that a reasonable jury could have found beyond a reasonable doubt the essential facts for conviction. Doc 9-1 at 240–51 (Exh. MM). The Court pointed to significant evidence that supported Mr. Ramirez's conviction—including five eyewitnesses identifying Mr. Ramirez as the person who fatally shot Mr. Vialpando, a handprint from Mr. Ramirez on the door of the victim's vehicle, Mr. Ramirez's hand injury that was consistent with a recoil injury after firing a semiautomatic gun, and the fact that Mr. Ramirez owned a vehicle matching the make, model, and color of the getaway car. *Id.* at 241–44.

Regarding the Motion to Suppress All Out-of-Court and In-Court Identifications of Alejandro Ramirez ground, the New Mexico Supreme Court held that the district court did not err in denying Mr. Ramirez's motion. *Id.* at 251–60. First, there was not an out-of-court identification that the district court could have suppressed. *Id.* at 252. Second, the Court was not persuaded by Mr. Ramirez's argument that the absence of an out-of-court identification made an in-court identification inherently unreliable because it is overly suggestive. *Id.* The New Mexico Supreme Court provided a thorough legal and factual analysis for its decision. *Id.* at 251–60. Third, the New Mexico Supreme Court agreed that convicting Mr. Ramirez of both shooting from or at a motor vehicle and first degree murder violated the Double Jeopardy Clause. *Id.* at 274. On remand, the state district court resentenced Mr. Ramirez to a total term of life imprisonment plus 52 and a half years. Doc. 9-1 at 279–85 (Exh. OO).

### C.  State Habeas Petition

On June 27, 2018, Mr. Ramirez filed a *pro se* state Petition for Writ of Habeas Corpus. Doc. 9-1 at 286–307 (Exh. PP). He was then appointed counsel. Doc. 9-1 at 312–14 (Exh. RR). His state habeas counsel filed a notice clarifying, but not amending, the basis of Mr. Ramirez's request for habeas relief. Doc. 9-1 at 315–16 (Exh. SS). In relevant part, Mr. Ramirez argued that: (1) there was insufficient evidence to support his conviction; (2) the trial court erred by denying his Motion to Suppress Out of Court and In Court Identifications; (3) the trial court erred by admitting an identifying hearsay statement by the decedent; (4) the trial court erred by admitting a fingerprint card without sufficient scientific foundation; (5) ineffective assistance of counsel; and (6) the cumulative errors deprived him of a fair trial. Doc. 9-1 at 288–97 (Exh. PP). The basis for his ineffective assistance of counsel claim was that his trial counsel failed to investigate the results of a gunshot residue test, failed to investigate a potential suspect who found the murder weapon, failed to object to potential tampering with the murder weapon, and failed to share discovery with Mr. Ramirez. Doc. 9-1 at 288–90 (Exh. PP); Doc. 9-1. at 315 (Exh. SS).

The state district court dismissed the petition. Doc. 9-1 at 323 (Exh. UU). It ruled, "There was no violation of Petitioner's constitutional rights rendering the judgment void for fundamental[] unfairness to Petitioner." *Id.* Regarding the ineffective assistance of counsel claim, it added that the "Petitioner's trial counsel was not ineffective so as to render the trial court's result unfair." *Id.*

5

Mr. Ramirez filed a petition for writ of certiorari to the New Mexico Supreme Court. Doc. 9-1 at 325–61 (Exh. VV). The New Mexico Supreme Court denied it. Doc. 9-1 at 364 (Exh. WW).

## II.    Mr. Ramirez's Claims

Mr. Ramirez lists nine grounds for relief in his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. Doc. 1. The grounds are:

1. Insufficient evidence for a conviction (Doc. 1 at 5),
2. The testimony regarding out-of-court and in-court identifications of him should have been suppressed (Doc. 1 at 7),
3. His convictions of both shooting from or at a motor vehicle and first degree murder violated the Double Jeopardy Clause of the U.S. Constitution (Doc. 1 at 8),
4. His trial counsel was unconstitutionally ineffective (Doc. 1 at 10–11),
5. Testimony regarding out-of-court identifications of him should have been suppressed (Doc. 1 at 13),
6. A claim regarding hearsay statements by the victim (Doc. 1 at 13),
7. A fingerprint card was admitted without sufficient scientific foundation (Doc. 1 at 14),
8. There was insufficient evidence for a conviction (Doc. 1 at 14), and
9. These cumulative errors deprived him of his right to a fair trial (Doc. 1 at 14).[4]

Mr. Ramirez asks the Court to "please be mindful of the fact that the Petitioner is incarcerated," that he is a "layman," and that he is in "dire need of legal representation considering the unavailability of legal materials." Doc. 15 at 2. I have carefully reviewed Mr. Ramirez's petition with his current status in mind. Nevertheless, the controlling federal law requires me to recommend that none of his claims have merit, and I must recommend that the Court deny Mr. Ramirez's petition.

---

[4] In his reply, Mr. Ramirez argues that attorney Jane Bernstein's representation of the respondents in both his and his brother's habeas petitions, which involves the same underlying criminal incident, is a conflict of interest.  Doc. 15 at 1. It is not. The respondents in each case do not have adverse interests therefore such representation is not prohibited by the New Mexico Rules of Professional Conduct. *See, e.g.,* New Mexico Rules of Prof'l Conduct 16-107(A).

## III.    Federal Habeas Claims under the AEDPA

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective

Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case. A petition for habeas

corpus under § 2254 attacks the constitutionality of a state prisoner's conviction and continued

detention. A federal court cannot grant habeas relief pursuant to § 2254(d) with respect to any

claim adjudicated on the merits by a state court unless the petitioner's state-court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), there is a two-step inquiry. The threshold question is whether the

applicant seeks to invoke a rule of law that was clearly established by the Supreme Court at the

time the conviction became final. *Byrd v. Workman*, 645 F.3d 1159, 1165 (10th Cir. 2011); *see

also Williams v. Taylor*, 529 U.S. 362, 390 (2000). If the law was clearly established, then the

court determines whether the state court decision was "contrary to or involved the unreasonable

application of that clearly established federal law." *Byrd*, 645 F.3d at 1165 (quoting *Turrentine v.

Mullin*, 390 F.3d 1181, 1189 (10th Cir. 2004)) (internal quotation marks omitted).

The term "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as

opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court

decision." *Williams*, 529 U.S. at 412. A state court decision is "contrary to" Supreme Court

precedent if it "applies a rule that contradicts the governing law set forth in [those] cases." *Id*. at

405. The Supreme Court has interpreted the term "contrary to" as meaning, *inter alia*,

7

"diametrically different" and "opposite in character and nature." *Id.* Therefore, habeas relief under § 2254(d)(1) may be granted only where the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003). The state court need not cite applicable Supreme Court cases or even to be aware of such cases, "so long as neither the reasoning nor the result of the state-court decision contradicts [that precedent]." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court decision unreasonably applies Supreme Court precedent if it "identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. However, "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court . . . [applied] clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (internal quotation marks and citations omitted). "Rather, that application must be objectively unreasonable." *Id.* at 76.

Under AEDPA, state court findings of fact are "presumed to be correct." 28 U.S.C. § 2254(e)(1). Accordingly, petitioners challenging a state court's decision based on an unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2) must show by clear and convincing evidence that the determination was factually erroneous. *See Miller-El v. Dretke*, 545 U.S. 231, 240 (2005).

Lastly, where state courts have adjudicated a claim on its merits, federal courts are limited to reviewing the record as it stood before the state courts. *Cullen v. Pinholster*, 563 U.S.

179, 180–81 (2011) (citing § 2254(d)(1)). In other words, federal courts may not hold evidentiary hearings on claims that the state court decided on their merits. *Id.* at 181; *Littlejohn v. Trammell*, 704 F.3d 817, 857 (10th Cir. 2013). "'Adjudicated on the merits' [means] a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Wilson v. Workman*, 577 F.3d 1284, 1308 (10th Cir. 2009) (internal quotation marks omitted), *overruled on other grounds as recognized in Lott v. Trammell*, 705 F.3d 1167 (10th Cir. 2013). Thus, summary decisions, even those completely devoid of any reasoning at all, can constitute decisions "on the merits" for purposes of AEDPA. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). When the state's highest court offers no explanation for its decision, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

"Even if a state court resolves a claim in a summary fashion with little or no reasoning, [federal courts] owe deference to the state court's result." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003). The Supreme Court has held that the standard is "highly deferential" to state courts and "difficult to meet," as it "demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 563 U.S. at 181 (quoting *Richter*, 562 U.S. at 101; *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA,] a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

9

For federal habeas claims not adjudicated on the merits in state courts, the Court must review the claim *de novo*, and the deferential standards of § 2254(d) do not apply. *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004).

## IV.   Analysis

For each of his nine claimed grounds for relief, Mr. Ramirez fails to show that the state court's decision denying it was either:

(1) "Contrary to" or an "unreasonable interpretation of" clearly established Supreme Court precedent, or

(2) Based on an "unreasonable determination of facts," as determined by the evidence the state court had before it.

*See* 28 U.S.C. § 2254(d).

### A.   Mr. Ramirez fails to show that the state court erred when it denied his insufficient evidence claim. (Grounds One, Six, and Eight)

Mr. Ramirez requests habeas relief on the grounds of insufficient evidence to support his conviction. Doc. 1 at 5, 13, 14. Specifically, he argues that (1) there was not sufficient evidence to prove his identity and (2) the weight of the evidence against him was not sufficient for a conviction. *Id.*

In the answer to Mr. Ramirez's habeas petition, Respondents argue that the New Mexico Supreme Court correctly identified the applicable federal law regarding sufficiency of the evidence and reasonably applied it to Mr. Ramirez's case. Doc. 9 at 18. Therefore, Respondents state that Mr. Ramirez is not entitled to relief under § 2254 based on his sufficiency of the evidence claim. I agree with the Respondents.

At his trial, Mr. Ramirez moved for a directed verdict claiming that as a matter of law there was not sufficient evidence to convict him on any of his eight charges. Doc. 9-1 at 127

10

(Exh. II). The state court denied the motion. *Id.* On direct appeal, Mr. Ramirez also challenged the sufficiency of the evidence to convict him. Doc. 9-1 at 157–68 (Exh. JJ). In a reasoned opinion, the New Mexico Supreme Court concluded that there was sufficient evidence to convict Mr. Ramirez on each count. Doc. 9-1 at 240–51 (Exh. MM). In his state habeas petition, Mr. Ramirez once again alleged that there was not sufficient evidence to convict him. Doc. 9-1 at 293 (Exh. PP). The state court, for a third time, held on the merits that there was sufficient evidence for a conviction on each count. Doc. 9-1 at 323-24 (Exh. UU). Finally, in a petition for a writ of certiorari to the New Mexico Supreme Court, Mr. Ramirez appealed the state court's denial of his sufficiency of the evidence claim. Doc. 9-1 at 331 (Exh. VV). The New Mexico Supreme Court denied his petition for a writ of certiorari. Doc. 9-1 at 364 (Exh. WW).

Mr. Ramirez fails to show that the state court's denial of his insufficient evidence claim was contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). He also fails to show the denial was based on an unreasonable determination of facts. *See* 28 U.S.C. § 2254(d)(2).

Insufficient evidence claims are governed by the clearly established federal law set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* requires courts to determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. When inconsistent evidence was presented at trial, it is assumed that the inconsistencies were resolved in favor of the prosecution. *Id.* at 326. There is a particularly high bar to obtaining habeas relief when challenging the sufficiency of the evidence because it is "subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012). The first layer of

11

judicial deference is that given to the jury on direct appeal. *Id.* On direct appeal, a court assesses whether a jury's conclusions were within the bounds of reason; it does not reassess the weight of the evidence. *United States v. Yoakam*, 116 F.3d 1346, 1349 (10th Cir. 1997) (internal citations omitted). The second layer of judicial deference is that given to the state court on habeas review. *Coleman*, 566 U.S. at 651. On habeas review, a federal court only decides whether any fairminded jurist could have come to the same conclusion as the state court. *Harrington*, 562 U.S. at 102. A state court is not required to cite or even demonstrate awareness of federal law when making its decision. *Early*, 537 U.S. at 8.

The New Mexico Supreme Court's decision denying Mr. Ramirez's insufficient evidence claim was not contrary to federal law. In deciding the insufficient evidence claim, the New Mexico Supreme Court applied state law. *See, e.g.*, Doc. 9-1 at 240 (Exh. MM) (citing *New Mexico v. Garcia*, 246 P.3d 1057 (N.M. 2011)). The New Mexico law regarding review of the sufficiency of the evidence closely mirrors federal law. *Compare Garcia*, 246 P.3d at 189 ("Evidence is viewed in the light most favorable to the guilty verdict. . . . So long as a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction, we will not upset a jury's conclusions.") (internal quotation omitted), *with Jackson*, 443 U.S. at 319 ("The relevant question is whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). The New Mexico Supreme Court's application of the state law regarding Mr. Ramirez's insufficient evidence claim was not contrary to federal law.

The New Mexico Supreme Court did not unreasonably apply federal law when it determined that there was sufficient evidence to prove the identity element of each of Mr.

Ramirez's convictions. Because the conduct that led to all eight charges was mostly the same, there was no need to conduct a charge-by-charge analysis of the sufficiency of the identity evidence of each crime. *See, e.g.*, Doc. 9-1 at 4–8 (Exh. MM). On direct appeal and in his federal habeas petition, Mr. Ramirez challenged the proof of his identity. He argued that there was no DNA evidence, gunshot residue, blood splatter, tire tracks, fingerprints on the murder weapon, or video evidence linking him to the crime. Doc. 1 at 14; Doc. 9-1 at 158, 160–62 (Exh. JJ). But this argument did not persuade the New Mexico Supreme Court. Doc. 9-1 at 241–45 (Exh. MM). Instead, it held that the evidence establishing Mr. Ramirez's identity was "more than adequate." *Id.* at 244 (Exh. MM). The New Mexico Supreme Court explained that five eyewitnesses testified at trial that Mr. Ramirez was the person who shot Mr. Vialpando. *Id.* at 241–43. Evidence of Mr. Ramirez's motivation was presented—allegedly to avenge the drive-by murder of Gary Martinez.[5] *Id.* at 242. Finally, the court pointed to Mr. Ramirez's handprint on the door of the victim's vehicle, his hand injury consistent with a recoil injury after firing a semiautomatic gun, and that Mr. Ramirez owned a vehicle matching the make, model, and color of the getaway car. *Id.* at 243–44. The New Mexico Supreme Court found that the combined effect of this evidence could lead a rational trier of fact to determine that Mr. Ramirez was the shooter. *Id.* at 244–45. The absence of particular pieces of evidence do not disprove what is clearly an abundance of inculpatory evidence. The New Mexico Supreme Court had ample justification to

---

[5] While shooting the victim point blank, the murderer allegedly said, "This is for Gary." Doc. 9 at 2. The prosecution argued that this statement referred to the drive-by murder of Gary Martinez, a crime for which Mr. Vialpando was a person of interest. *Id.* at n.1.

find that there was sufficient evidence to prove Mr. Ramirez's identity beyond a reasonable doubt at trial.

The New Mexico Supreme Court correctly applied federal law when it declined to assess the weight of the evidence against Mr. Ramirez. *See Yoakam*, 116 F.3d at 1349. Throughout his petition, Mr. Ramirez argues that the eyewitness testimony in his case was inherently unreliable. Doc. 1 at 5, 13. He believes it was "the crucial testimony in the case, and yet the most unreliable evidence." *Id.* at 13; Doc. 9-1 at 162 (Exh. JJ). He particularly contests the eyewitness testimony of children, which were three of the witnesses against him. Doc. 1 at 13. He contends that the eyewitness testimony of children is so unreliable that it is unfair for such identifications to be a basis of his conviction. *Id.* He cites *Utah v. Nelson*, stating "the importance of finding the child's [hearsay] statement reliable 'cannot be overemphasized.'" Doc. 1 at 13 (citing 725 P.2d 1353 (Utah 1986)).[6] But *Nelson* does not apply to Mr. Ramirez's case, even persuasively. The weight of the evidence, including the reliability of testimony, is a question for the jury. The New Mexico Supreme Court correctly decided it could not overturn Mr. Ramirez's conviction because the eyewitnesses were "unreliable." Doc. 9-1 at 244 (Exh. MM). The New Mexico Supreme Court correctly applied federal law when it denied Mr. Ramirez's insufficient evidence claims on the grounds that eyewitness testimony is too unreliable to be the basis of a conviction.

Mr. Ramirez fails to identify any unreasonable or contrary application of federal law when the state court was deciding his sufficiency of the evidence claim that would entitle him to relief under § 2254(d)(1). Further, Mr. Ramirez does not point to any error in the state court's

---

[6] In *Nelson*, the Utah Supreme Court was referring to a reliability inquiry required under state law when a court admits the hearsay statements of an unavailable child sex abuse victim. *See* 725 P.2d at n.3; UTAH CODE § 76-5-411(1)(c)(2).

14

determination of facts when it denied his sufficiency of the evidence claim. As such, this Court

has no basis for review under § 2254(d)(2). I therefore recommend that Grounds One, Six and

Eight of Mr. Ramirez's § 2254 petition be denied with prejudice.

> **B.    Mr. Ramirez fails to show that the state court erred when it denied his requests to suppress both his in-court and out-of-court identifications. (Grounds Two and Five)**

Mr. Ramirez argues that the state court erred by "refusing to suppress the out-of-court

and in-court identification of Defendant." Doc. 1 at 7, 13. Regarding out-of-court identifications,

the Respondents clarify that there were not any out-of-court identifications of Mr. Ramirez in

this case. Doc. 9 at 20 n.7. As to in-court identifications, the Respondents contend that the New

Mexico Supreme Court correctly applied the operative federal law when it denied Mr. Ramirez's

claim that the identifications should have been suppressed. *Id.* Therefore, Respondents conclude

that Mr. Ramirez is not entitled to relief under § 2254 based on his in-court and out-of-court

identification claim. I agree with the Respondents.

Mr. Ramirez first raised the in-court identification issue by filing a pretrial motion. Doc.

9-1 at 23–31 (Exh. I). Mr. Ramirez argued that the absence of an out-of-court identification made

identifying him in court—where he would be sitting at the end of defense counsel table, years

after the crime—so unreliable that it denied him a fair trial. *Id.* The state district court denied the

motion. Doc. 9-1 at 38–40 (Exh. L). On direct appeal, the New Mexico Supreme Court also

rejected this argument. Doc. 9-1 at 251–60 (Exh. MM).

Because there was no out-of-court identification, the claim that the out-of-court

identification should have been suppressed is moot. As to in-court identifications, Mr. Ramirez

fails to show that the state court's denial of this claim was contrary to or an unreasonable

application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). He also fails to show the denial was based on an unreasonable determination of facts. *See* 28 U.S.C. § 2254(d)(2).

Allowing an in-court identification of a defendant can be so unduly suggestive that it would deny the defendant the right to a fair trial. *See Perry v. New Hampshire*, 565 U.S. 228 (2012). The Supreme Court has held that when law enforcement arranges an unduly suggestive out-of-court identification, an in-court identification should be evaluated to determine if there is a substantial likelihood of misidentification. *Simmons v. United States*, 390 U.S. 377, 384 (1968). When an eyewitness identification is "infected by improper police influence," the trial judge screens the evidence for reliability before trial. *Perry*, 565 U.S. at 232. A trial court may opt to bar the testimony of an unduly suggestive identification entirely. *Id.* The purpose of this rule is to deter law enforcement from using unreliable identification methods. *Neil v. Biggers*, 409 U.S. 188 (1972).

Yet, when there is no allegation of police misconduct, the reliability of an in-court identification is tested through standard Sixth Amendment protections only. *Perry*, 565 U.S. at 233; *U.S. v. Thomas*, 849 F.3d 906, 910–11 (10th Cir. 2017) (holding that a judicial reliability screening was not required even when the in-court identification occurred nineteen months after the crime, trial was the first time the witness identified the defendant, and the defendant was the only Black man at counsel table). Such Sixth Amendment protections include a defendant's "right to counsel, compulsory process to obtain defense witnesses, and the opportunity to cross-examine witnesses for the prosecution." *Perry*, 565 U.S. at 232.

The New Mexico Supreme Court's decision that Mr. Ramirez's in-court identification was properly admitted was not contrary to federal law. The New Mexico Supreme Court

correctly identified the applicable Supreme Court precedent: *Perry v. New Hampshire*, 565 U.S. 228 (2012). Doc. 9-1 at 255 (Exh. MM). The New Mexico Supreme Court correctly detailed both the holding and the reasoning in *Perry*. *Id.* at 255–56. It also identified applicable Tenth Circuit precedent, *United States v. Thomas* 849 F.3d 906 (10th Cir. 2017), where the defendant unsuccessfully made an argument similar to that made by Mr. Ramirez. *Id.* at 255. Further, Mr. Ramirez neither argues nor cites to a Supreme Court case that would support the argument that the New Mexico Supreme Court "confront[ed] a set of facts that [were] materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrive[d] at a different result from [that] precedent." *Price*, 538 U.S. at 640. The New Mexico Supreme Court's decision here was not contrary to federal law.

The New Mexico Supreme Court did not unreasonably apply federal law when it determined that Mr. Ramirez's in-court identifications were properly admitted. Much like in *Thomas*, Mr. Ramirez argued that his in-court identification was unduly suggestive because he was the only Hispanic male at defense counsel table, the trial was two years after the crime, the witnesses had not identified him prior to trial, and there was significant news coverage of his arrest. Doc. 9-1 at 172–75 (Exh. JJ). The New Mexico Supreme Court correctly rejected this argument. Doc. 9-1 at 255–57 (Exh. MM). In accordance with *Perry*, it held that Mr. Ramirez was not entitled to a judicial reliability screening of the suggestiveness of his in-court identification because there was no allegation of improper police conduct. *Id.* at 256. As the New Mexico Supreme Court pointed out, Mr. Ramirez took full advantage of his Sixth Amendment protections to challenge the weight of these identifications. It stated, Mr. Ramirez "deftly cross-examined those witnesses who made in-court identifications and drew attention to the potential

17

unreliability of their accounts of the shooting." Doc. 9-1 at 259–60 (Exh. MM). He presented his

own evidence. *Id.* He also called "an expert witness in eyewitness identification and eyewitness

identification procedure." *Id.* The jurors had sufficient information to question the reliability of

the testimony themselves. *See id.* Without improper police conduct, *Perry* did not entitle Mr.

Ramirez to have his in-court identification suppressed. The New Mexico Supreme Court

reasonably applied federal law when it affirmed the decision to admit Mr. Ramirez's in-court

identifications.

Mr. Ramirez fails to identify any unreasonable or contrary application of federal law

when the state court denied his out-of-court and in-court identification suppression claim.

Similarly, he fails to identify any unreasonable determination of fact when the state court denied

the claim. I therefore recommend that Grounds Two and Five of Mr. Ramirez's § 2254 petition

be denied with prejudice.

**C.    Mr. Ramirez's Double Jeopardy argument is moot. (Ground Three)**

In his petition, Mr. Ramirez requests habeas relief because of his dual convictions under

New Mexico's first degree murder and second degree shooting at or from a motor vehicle

statutes.[7] Mr. Ramirez argues a conviction of both offenses violates the Double Jeopardy Clause.

Doc. 1 at 8. The Respondents assert that the issue is moot. Doc. 9 at 14.  For the reasons

explained below, I agree with the Respondents.

---

[7] Another possible reading of Mr. Ramirez's petition is that he argues that it violates the Double Jeopardy clause to convict someone of multiple charges for one action. *See* Doc. 1 at 8 ("Yet that one single act, shooting Johnn[y] Vialpando, resulted in seven different charges."). Mr. Ramirez, however, does not develop this argument in his petition so as to place it before the Court. *See United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner . . . are waived.").

On direct appeal, Mr. Ramirez made the same Double Jeopardy argument that he raises in his § 2254 petition. Doc. 9-1 at 178–87. The New Mexico Supreme Court agreed that Mr. Ramirez's "shooting-at-a-motor-vehicle conviction must be vacated because it was subsumed by [his] first-degree murder charge." Doc. 9-1 at 260–76 (Exh. MM). It vacated his shooting at or from a motor vehicle conviction. *Id.* It then mandated the state district court to resentence Mr. Ramirez. Doc. 9-1 at 277–78 (Exh. NN). On March 8, 2018 the state district court reduced Mr. Ramirez's sentence by thirteen years to a total term of life imprisonment plus fifty-two and a half years. Doc. 9-1 at 283 (Exh. OO).

The ruling by the New Mexico Supreme Court renders Mr. Ramirez's Double Jeopardy claim moot. Under the case or controversy requirement of the Article III of the U.S. Constitution, a federal court may not decide an issue that is moot. An issue is moot when the party asserting the claim no longer maintains a personal interest in the dispute. *Uzuegbunam v. Preczewski*, 141 S.Ct. 792, 796 (2021). Mr. Ramirez is no longer imprisoned on the basis of the conviction for shooting at or from a motor vehicle. Therefore, habeas relief is not available.  As such, I recommend that Ground Three of Mr. Ramirez's § 2254 petition be denied as moot.

**D.     Mr. Ramirez fails to show that the state court erred when it denied his ineffective assistance of counsel claims. (Ground Four)**

Mr. Ramirez argues that his trial counsel was ineffective for failing to: (1) investigate forensic evidence relating to negative gun powder residue tests; (2) investigate the law enforcement background of the witness who found the murder weapon; (3) object to potential tampering with the murder weapon; and (4) share the discovery with Mr. Ramirez so that he could support his own defense. Doc. 1 at 10–11. The Respondents contend that Mr. Ramirez's argument fails because he does not point to any errors in the state court's decision. Doc. 9 at 24.

Therefore, Respondents state that Mr. Ramirez is not entitled to relief under § 2254 based on his ineffective assistance of counsel claim. I agree with the Respondents.

Mr. Ramirez first raised his ineffective assistance of counsel arguments in his state habeas petition. Doc. 9-1 at 286–307, 315–16 (Exhs. PP, SS). The state court denied the petition on the merits. Doc. 9-1 at 323–24 (Exh. UU). It held that, "Petitioner's trial counsel was not ineffective so as to render the trial court's result unfair," and there were no constitutional errors at his trial. *Id.* at 323 (Exh. UU). The New Mexico Supreme Court declined Mr. Ramirez's petition for certiorari. Doc. 9-1 at 364 (Exh. WW).

Mr. Ramirez fails to show that the state court's decision that his counsel was not ineffective was contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). He also fails to show that the state court's denial was based on an unreasonable determination of facts. *See* 28 U.S.C. § 2254(d)(2).

Courts evaluate ineffective assistance of counsel claims under the two-prong test described in *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The *Strickland* test is clearly established federal law within the meaning of § 2254(d). *Cullen*, 563 U.S. at 189. Under *Strickland*, a petitioner must show by a preponderance of the evidence both that his or her counsel's performance "fell below an objective standard of reasonableness" *and* that "the deficient performance prejudiced the defense." *Simpson v. Carpenter*, 912 F.3d 542, 593 (10th Cir. 2018) (quoting *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011)) (emphasis in original). Courts identify these prongs as the performance prong and the prejudice prong. *See, e.g.*, *Boltz v. Mullin*, 415 F.3d 1215, 1222 (10th Cir. 2005). "These two prongs may be addressed in any order, and failure to satisfy either is dispositive." *Hooks v. Workman,* 689 F.3d 1148, 1186

20

(10th Cir. 2012). To demonstrate prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Overwhelming evidence of guilt can demonstrate a lack of prejudice under *Strickland* on federal habeas review. *See, e.g.*, *Turrentine v. Mullin*, 390 F.3d 1181, 1208 (10th Cir. 2004); *Boyd v. Ward*, 179 F.3d 904, 915 (10th Cir. 1999); *see also Blackwell v. Hansen*, 722 Fed. App'x 826, 831 (10th Cir. 2018) (unpublished). A court reviewing an ineffective assistance of counsel claim under both AEDPA and *Strickland* is "highly deferential, and when the two apply in tandem, review is 'doubly' so." *Simpson*, 912 F.3d at 594 (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).

Summary state court decisions, even those completely devoid of any reasoning at all, can constitute decisions "on the merits" for purposes of AEDPA. *Harrington*, 562 U.S. at 98. The decision must still be "given the benefit of the doubt." *See Pinholster*, 563 U.S. at 181.  When a state court decision lacks reasoning, this Court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court."  *Harrington*, 562 U.S. at 102.

Crucially, Mr. Ramirez fails to point out any legal or factual error made by the state court. Without the identification of an error, this Court cannot look for such an error itself. This Court does not have a basis for which it could find that the state court made a decision contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of facts when it denied Mr. Ramirez's ineffective assistance of counsel claim.

The state court's decision denying Mr. Ramirez's ineffective assistance of counsel claim did not include its reasoning.  As such, I "must determine what arguments or theories . . . could have supported, the state court's decision."  *See Harrington*, 562 U.S. at 102.

The state court reasonably could have found that Mr. Ramirez's ineffective assistance of counsel claims fail under the *Strickland* prejudice prong. Even viewing, for the sake of argument, each claimed deficiency in the light most likely to grant Mr. Ramirez relief, many fairminded jurists still would have found that the result of the proceeding would not have been altered by his attorney's deficiencies.

As to the first alleged deficiency, the failure to investigate gunshot residue tests, Mr. Ramirez states he tested negative for gunshot residue on the day of the shooting. Doc. 1 at 10. The State disagreed. Doc. 9-1 at 318 (Exh. TT). It would have been reasonable for the state court to believe the State's assertion that the gunshot residue test from the day of the shooting was not exculpatory. But even if the test was exculpatory, this absence of evidence does not overshadow the overwhelming evidence against Mr. Ramirez.

The second and third alleged deficiencies are interrelated. Mr. Ramirez theorizes that the witness who found the murder weapon tampered with the weapon to aid the prosecution because the witness was a former law enforcement officer. Mr. Ramirez argues that his attorney should have investigated this theory and objected to the murder weapon at trial. Assuming *arguendo* that the murder weapon was tampered with, the weapon in this case was not dispositive evidence. Indeed, it was not a metaphorical "smoking gun." As previously summarized, other significant evidence pointed to Mr. Ramirez's guilt, and there are no allegations that the other evidence establishing guilt was in any way tainted.

22

As to the fourth alleged deficiency, his counsel's failure to adequately share discovery with him, Mr. Ramirez fails to identify any evidence that would have supported his defense had he had access to it. A fairminded jurist could have found that greater access to discovery was unlikely to have altered the outcome in Mr. Ramirez's case. Just as in *Turrentine* and *Boyd*, the overwhelming evidence of guilt supports the conclusion that a fairminded jurist could have found that Mr. Ramirez was not prejudiced by his attorney's alleged deficiencies. As the Respondents put it:

> [Five] eyewitnesses identified Alejandro as the shooter, and his handprint was found on the passenger's side door of the Vialpandos' Durango. After the shooting, Alejandro was stopped and arrested in a white Chevrolet Blazer, the color; make; and model of the vehicle that was seen boxing in the Durango and then driving off at a high rate of speed. When arrested, Alejandro, who is left-handed, had a noticeable injury to an area of his left hand that was consistent with firearm recoil. He also owned a white Blazer. Finally, the gun that proved to be the murder weapon was found not far from where the Blazer was stopped.

Doc. 9 at 24. Even if all four alleged deficiencies were resolved in Mr. Ramirez's favor, the state court reasonably could have found that he was not prejudiced by these deficiencies.

Mr. Ramirez fails to identify any unreasonable or contrary application of federal law when the state court was deciding his ineffective assistance of counsel claim. Similarly, he fails to identify any unreasonable determination of fact when the state court was deciding his ineffective assistance of counsel claim. Therefore, I recommend that the Court deny Ground Four of Mr. Ramirez's § 2254 petition with prejudice.

### E.    Mr. Ramirez fails to show that the state court erred by denying his claim regarding the hearsay statements of the victim. (Ground Six)

Mr. Ramirez titles Grounds Six as "Claim re: [Hearsay] Statements of Victim." Doc. 1 at 13. The Respondents and I read this ground for relief differently. I address both readings below.

23

**1.      The Respondents' interpretation of Mr. Ramirez's argument: The trial court erred by admitting inadmissible hearsay evidence.**

The Respondents characterize Ground Six as arguing that the decedent's statement identifying Mr. Ramirez as "Little Alex" was improperly admitted into evidence at trial. Doc. 9 at 14–15; Doc. 1 at 13 (Mr. Ramirez begins his argument by saying, "Evidence and testimony was [hearsay]."). The Respondents contend that such a claim is not cognizable in a federal habeas proceeding. Doc. 9 at 14–16. Reading Grounds Six as the Respondents do, I agree with the Respondents.

In advance of trial, the prosecutor filed a Motion to Allow Hearsay Statements Made by Decedent. Doc. 9-1 at 16–17 (Exh. F). Mr. Ramirez opposed the motion. Doc. 9-1 at 34–35 (Exh. J). The trial court granted it. Doc. 9-1 at 41–42 (Exh. M). The trial court reasoned that the hearsay identification was admissible as a present sense impression, an exception to the rule against hearsay under N.M. R. EVID. 11-801(1). *Id.* At trial, Mr. Vialpando's wife, Rhiannon Vialpando testified that immediately before Mr. Vialpando was shot, he identified Mr. Ramirez as "Little Alex." Doc. 9-1 at 241–42 (Exh. MM). Her three children corroborated this testimony. *Id.* at 242–43. Mr. Ramirez argued in his state habeas petition that the improper admission of this testimony violated his constitutional rights. Doc. 9-1 at 294 (Exh. PP). The state court denied the habeas petition stating, "There was no violation of Petitioner's constitutional rights rendering the judgment void for fundamental[ ] unfairness to Petitioner." Doc. 9-1 at 323 (Exh. UU). Reading Mr. Ramirez's claim as the Respondents do, I agree that the state court's admission of the decedent's statements is not a cognizable claim for federal habeas review.

Federal courts may not examine state evidentiary decisions unless the decision violates a constitutional right. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). In such cases, the federal

habeas petitioner is required to draw a connection between his due process right and the state court's error. *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017) (internal citations omitted). To draw such a connection, a habeas petitioner must explicitly name the constitutional right that was violated and include a statement of the relevant facts entitling him to relief. *Id.* Otherwise, the claim is not cognizable. *Id.*

Mr. Ramirez does not draw a connection between his due process rights and the admission of this hearsay testimony. As discussed below, his argument is wholly unrelated to any evidentiary error or any due process right. Nowhere in Mr. Ramirez's argument does he mention the words "due process," "fair trial," or even "Sixth Amendment." *See* Doc. 1 at 13. He makes no logical connection between the admission of this hearsay testimony and the denial of a constitutional right. Therefore, reading Mr. Ramirez's Grounds Six claim as the Respondents do, the Court agrees that Mr. Ramirez fails to make a cognizable claim.

### 2. This Court's interpretation of Mr. Ramirez's argument: There was not sufficient evidence for conviction.

In contrast to Respondents, I read Mr. Ramirez's Ground Six as arguing that the hearsay statement of the victim—identifying the shooter as "Little Alex"—was not sufficient evidence to prove that Mr. Ramirez was the shooter. Doc. 1 at 13. Mr. Ramirez writes, "The wife [and] kids of Mr. Vialpando all claim they did not ever know or see Alejandro Ramirez prior to [the] incident, but yet apparently know him as Little Alex." *Id.* He goes on to say that the eyewitness testimony was "the crucial testimony in the case, and yet the most unreliable evidence." *Id.* He states that "there was insufficient evidence to support [his convictions]." In my view, although he notes the offending evidence is unreliable hearsay, Ground Six simply revisits the common

25

thread in Mr. Ramirez's petition, which is that the testimony of the eyewitnesses at his trial was so unreliable that the testimony cannot be a sufficient basis for his convictions.

This sufficiency of the evidence argument is addressed above in section IV(A). In section IV(A), I explain that Mr. Ramirez's sufficiency of the evidence argument, including that made in Ground Six, must be denied for failure to establish that the state court's decision was contrary to or was an unreasonable application of federal law, or was based on an unreasonable determination of facts.

Under federal habeas review, non-cognizable claims are generally dismissed without prejudice, while claims that fail on the merits are dismissed with prejudice. *See, e.g.*, *Rael v. Williams*, 223 F.3d 1153, 1155 (10th Cir. 2000) (dismissing cognizable claims with prejudice and non-cognizable claims without as related to a habeas petition under 28 U.S.C. § 2241). Because I cannot recommend two differing dispositions based on my reading of Mr. Ramirez's arguments and the Respondent's readings, I defer to the ruling associated with the argument I believe Mr. Ramirez actually makes. Therefore, I recommend that Ground Six of Mr. Ramirez's § 2254 petition be denied with prejudice.

> **F.    Mr. Ramirez's claim that there was a lack of foundation for the admission of his fingerprint card is not cognizable. (Ground Seven)**

Mr. Ramirez argues his due process rights were "violated by admission of prejudicial irrelevant, material, fingerprint cards introduced at trial, without scientific or other foundation." Doc. 1 at 14. He states that the fingerprint card "was very prejudicial in that it made petitioner [out] to be an arrested felon in trouble." *Id.* The Respondents contend that this claim is not cognizable in a federal habeas proceeding and therefore, conclude that Mr. Ramirez is not

entitled to relief under § 2254 based on his fingerprint card claim. Doc. 9 at 16. I agree with the Respondents.

At trial, Mr. Ramirez's attorney objected to the admission of a card with Mr. Ramirez's fingerprints. Doc. 9-1 at 127 (Exh. II). The attorney argued that "the State's expert did not have the necessary expertise regarding the manner in which the fingerprints were produced." *Id.* The trial court overruled the objections. *Id.* In his state habeas petition, Mr. Ramirez argued that the trial court impermissibly erred by admitting the fingerprint cards without proper expert foundation. Doc. 9-1 at 295 (Exh. PP); Doc. 9-1 at 316 (Exh. SS). When deciding his habeas petition, the state court did not explicitly address this allegation. Doc. 9-1 at 323 (Exh. UU). But it did find that "[t]here was no violation of Petitioner's constitutional rights rendering the judgment void for fundamental[ ] unfairness to Petitioner." *Id.*

Mr. Ramirez fails to show that the state court's admission of the fingerprint card is a cognizable claim for federal habeas review.

Federal courts may not examine state evidentiary decisions unless the decision violates a constitutional right. *Estelle*, 502 U.S. at 67–68. In such case, the petitioner is required to draw a connection between his due process right and the state law error. *Leatherwood*, 861 F.3d at 1043 (internal citations omitted). To draw such a connection, a habeas petitioner must explicitly name the constitutional right that was violated and include a statement of the relevant facts entitling him to relief. *Id.* "[M]erely [] attaching a due process label" is not a sufficient connection to establish a cognizable federal habeas claim. *Id.* Even a mistaken evidentiary ruling does not meet the high bar for obtaining habeas relief. *Duvall v. Reynolds*, 139 F.3d 768, 789 (10th Cir. 1998).

While Mr. Ramirez alleges that his "due process" rights were violated, he does not establish a connection as to how they were violated. Mr. Ramirez does not argue that the fingerprints on the card were not his. Further, the only relevant print-based evidence in the case was a handprint on the victim's car. *See* Doc. 9 at 24. But Mr. Ramirez does not dispute that the car handprint was his and admits that he spoke to the victim at his car immediately before the shooting. Doc. 9-1 at 157 (Exh. JJ). Mr. Ramirez fails to explain how he was prejudiced by the admission of the fingerprint card. More importantly, Mr. Ramirez does not link the fingerprint card admission to any constitutional error. Therefore, the admission of the fingerprint card is not a cognizable claim for federal habeas review. I recommend that the Court find Ground Seven of Mr. Ramirez's § 2254 petition non-cognizable and dismiss it without prejudice.

G.      **Mr. Ramirez fails to show that the state court erred by denying his cumulative error claim. (Ground Nine)**

Mr. Ramirez argues that he was denied a fair trial because of the cumulative errors. Doc. 1 at 14. Mr. Ramirez writes, "In support of his claim of cumulative error, Defendant cites all of the points argued in this petition." *Id*. In his petition, he raises five substantive points: (1) insufficient evidence; (2) failure to suppress in-court and out-of-court identifications; (3) Double Jeopardy; (4) ineffective assistance of counsel; and (5) lack of foundation to the admission of a fingerprint card. *Id.* The Respondents contend that there were no constitutional errors to cumulate. Doc. 9 at 25. Therefore, Respondents state that Mr. Ramirez is not entitled to relief under § 2254 based on his cumulative errors claim. I agree with the Respondents.

Mr. Ramirez first raised this cumulative error argument in his state habeas petition. Doc. 9-1 at 297 (Exh. PP). The state court rejected it. Doc. 9-1 at 323 (Exh. UU). In doing so, the state

court found that there were no constitutional errors during his trial that would "render[] the judgment void for fundamental[] unfairness." *Id.*

Mr. Ramirez fails to show that the state court's denial of his cumulative error claim was contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). He also fails to show the denial was based on an unreasonable determination of facts. *See* 28 U.S.C. § 2254(d)(2).

The cumulative prejudice caused by multiple errors at trial can entitle a petitioner to habeas relief. *Andrews v. White*, 62 F.4th 1299, 1351 (10th Cir. 2023). Relief is only appropriate when the cumulative errors "so fatally infected the trial that they violated the trial's fundamental fairness." *Grant v. Royal*, 886 F.3d 874, 954 (10th Cir. 2018) (internal quotation and citation omitted). In the federal habeas context, cumulative error review only applies to cumulative constitutional errors. *Young v. Sirmons*, 551 F.3d 942, 972 (10th Cir. 2008), *cert. denied*, 558 U.S. 906 (2009). For an issue to count towards a cumulative error claim, the issue itself must have merit. *Id.* Otherwise, "there is nothing to cumulate." *Id.* (quoting *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007)).

Fatal to his claim, Mr. Ramirez fails to identify how the state court's decision was contrary to any clearly established federal law or an unreasonable application of the same when it denied his cumulative error claim. As discussed above, none of Mr. Ramirez's grounds for relief meet the threshold for a constitutional error. Regarding Mr. Ramirez's ineffective assistance of counsel claim, I did not evaluate whether the trial counsel's alleged deficiencies were errors because that was unnecessary under *Strickland*. Mr. Ramirez alleges that his counsel erred in four ways: (1) failing to investigate forensic evidence relating to negative gun powder

residue tests; (2) failing to investigate the law enforcement background of the witness who found the murder weapon; (3) failing to object to potential tampering with the murder weapon; and (4) not sharing the discovery with Mr. Ramirez so that he could support his own defense. Doc. 1 at 10–11. But he does not direct this Court to Supreme Court precedent holding that similar errors cumulated to result in a fundamentally unfair trial. The state court held that there were no constitutional errors at Mr. Ramirez's trial. Doc. 9-1 at 323 (Exh. UU). And in doing so, the state court reasonably could have concluded that there were no errors to cumulate.

Mr. Ramirez fails to provide a sufficient basis for habeas relief under the cumulative error doctrine. Additionally, the state court's decision was internally consistent with its conclusions related to Mr. Ramirez's other arguments. The state court's decision to deny Mr. Ramirez's cumulative error claim was not contrary to or an unreasonable application of clearly established federal law. Similarly, Mr. Ramirez does not point to any unreasonable determination of fact made by the state court when it denied his cumulative error claim. Therefore, I recommend that the Court dismiss Ground Nine of Mr. Ramirez's § 2254 petition with prejudice.

## V.    Recommendation

Mr. Ramirez fails to show that the state court erred in adjudicating the nine claims raised in his habeas petition. I therefore recommend that the Court deny Mr. Ramirez's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) and dismiss this case without prejudice as to Ground Seven and with prejudice as to all other grounds. Because I recommend that the Court dismiss his petition, I recommend that the Court deny his request for an evidentiary hearing. Doc. 1 at 18; *see also Shinn v. Ramirez,* 142 S. Ct. 1718, 1728 (2022) (holding that

AEDPA "bars evidentiary hearings in federal habeas proceedings initiated by state prisoners" in all but extraordinary circumstances, which are not met here).

## VI.  Certificate of Appealability

Lastly, I address whether Mr. Ramirez is entitled to a certificate of appealability. No appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may be issued only if Mr. Ramirez "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth above, Mr. Ramirez has failed to make this showing. I therefore recommend that the Court deny Mr. Ramirez a certificate of appealability.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  *Id.*  In other words, if no objections are filed, no appellate review will be allowed.**

---

_____

Jennifer M. Rozzoni
UNITED STATES MAGISTRATE JUDGE

31