IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALEJANDRO RAMIREZ,

    Petitioner,

vs.                                                                       2:21-cv-00081-RB-JMR

DWAYNE SANTISTEVAN,
WARDEN, and ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO

    Respondents.

## ORDER DENYING MOTION FOR RECORDS

THIS MATTER comes before the Court on petitioner Alejandro Ramirez's Motion for Copy of Records of All Motions and Petitions Filed in the United States District Court. Doc. 22. In the motion, Mr. Ramirez requests "a true complete and accurate copy of the Records, Motions and Petitions" filed in this matter. *Id.* at 1. He states that he needs the records to prepare a petition for post-conviction relief. *Id.* at 2. He also states that he is "indigent and cannot pay the normally charged [fee] for photocopying the requested records." *Id.*

Respondents oppose this motion. Doc. 23. Respondents state that they have "mailed Mr. Ramirez duplicates of each and every filing that Respondents have docketed through the CM/ECF system, including, but not limited to, 374 pages' worth of pertinent state-court record, as previously ordered." Doc. 23 at 2. Respondents also argue that the request is premature because a final order on Mr. Ramirez's habeas petition has not yet been entered. *Id.* at 1.

There is a "strong presumption in favor of public access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (denying a motion to seal a judicial record). Yet, courts regularly charge a small fee for producing copies of judicial records. Record production fees are necessary for many reasons, including economic and administrative

efficiency. In the U.S. District Court for the District of New Mexico, the Clerk's Office charges $0.50 per page for reproducing paper records. *Schedule of Fees*, UNITED STATES DISTRICT COURT DISTRICT OF NEW MEXICO, https://www.nmd.uscourts.gov/schedule-fees. Though for many, even that small fee can be prohibitive.

While there is no general right to be given extra copies of judicial records free of charge, access to justice should not be affected by someone's inability to pay. *Griffin v. Illinois*, 351 U.S. 12, 17–19 (1956). In *Griffin*, the Court held that "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Id.* at 19. Thus, if a record production fee prohibits someone from accessing post-conviction relief that would otherwise be available to them, a Court must waive that fee.

This Court needs more information before granting Mr. Ramirez's request for records. Mr. Ramirez has already been mailed a copy of every document filed in his federal case. As respondents point out, there are hundreds of pages of documents related to Mr. Ramirez's criminal case. It is unclear to the Court whether Mr. Ramirez is merely seeking an additional copy of his judicial records or whether he no longer has a copy of his original records at all. If he no longer has a copy of his records, it is not clear what happened to them. Additionally, Mr. Ramirez does not explain what "petition for post-conviction relief" requires the requested judicial record. Indeed, Mr. Ramirez has already filed a petition under 28 U.S.C. § 2254, which is the conventional route of federal relief for people convicted by the state. If Mr. Ramirez intends to seek relief in state court, his federal court record is irrelevant. For these reasons, the Court is uncertain whether being denied a copy of the judicial record would truly impede Mr. Ramirez's access to justice.

The Court is not persuaded by Respondents' argument that Mr. Ramirez's motion for

records is premature. For all practical purposes, it is appropriate for Mr. Ramirez to begin preparing for alternate means of post-conviction relief. On May 17, 2023, I entered a Proposed Findings and Recommended Disposition for Mr. Ramirez's § 2254 petition. Doc. 21. I recommended that the Court deny the petition. *Id.* Mr. Ramirez has until June 30, 2023, to file objections to the Proposed Findings and Recommended Disposition. Doc. 26. Then, District Judge Brack will consider any objections and enter a final decision. Notably, Mr. Ramirez does not indicate that he needs the judicial record to make his objections. But because I have recommended that Mr. Ramirez's petition be denied, it is not necessarily premature for him to begin preparing to seek alternative means of post-conviction relief.

It would be imprudent for this Court to order the Clerk's Office to fulfill every records request free of charge, irrespective of how large the request and the reason for it. Therefore, the Court hereby denies Mr. Ramirez's motion for records (Doc. 22) without prejudice. Mr. Ramirez is welcome to refile a motion for records. If he does, the motion should explain:

- Whether Mr. Ramirez still has a copy of his federal court records;
- If not, what happened to Mr. Ramirez's copy of his records;
- Which specific records Mr. Ramirez needs, which he may identify by document number as found on the docket sheet;
- What type of post-conviction petition Mr. Ramirez intends to file for which he needs a copy of the records in his case.

Attached is a copy of the docket sheet in Mr. Ramirez's case so that he can more specifically indicate the documents that he needs.

Mr. Ramirez's Motion for Copy of Records of All Motions and Petitions Filed in the United States District Court (Doc. 22) is DENIED without prejudice.

_____
Jennifer M. Rozzoni
United States Magistrate Judge